UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WURTH ADAMS NUT & BOLT CO.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SEASTROM MANUFACTURING CO. INC.,**<br><br>**Defendant.** | Civ. No.:14-03804 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Wurth Adams Nut & Bolt Co. brings this action against Defendant Seastrom Manufacturing Co. Inc. alleging several causes of action in connection with its purchase of washers from Defendant for resale. This matter comes before this Court on Defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I. BACKGROUND

The following facts are alleged in the Complaint. Plaintiff, a wholesale seller of fasteners and assembly components, is a Delaware corporation with its principal place of business in New Jersey. (Compl. ¶¶ 1, 3, ECF No. 1). Defendant manufacturers a variety of metal parts and components and is both incorporated and principally located in Idaho. (Compl. ¶¶ 2, 4). This case arises from Plaintiff's order of a large quantity of wave washers from Defendant for resale to Plaintiff's customers. (Compl. ¶¶ 5, 8).

Before Plaintiff ordered the washers, Defendant represented to Plaintiff that the washers were manufactured to a specific set of characteristics. (Compl. ¶ 7). Additionally,

1

one of Plaintiff's customers, Toro, reviewed the washer's specifications to ensure that they were fit for their intended purpose. (Compl. ¶ 6). Plaintiff then ordered a large quantity of the washers from Defendant and subsequently resold them to Toro. (Compl. ¶¶ 8-11).

After Toro notified Plaintiff that the washers were not performing as expected, Plaintiff retained an independent laboratory to test them. (Compl. ¶ 13). Plaintiff's investigation confirmed that the washers were defective. (Compl. ¶¶ 13-14, 16). Toro subsequently asserted claims for damages related to the washers against Plaintiff, which Plaintiff resolved by paying Toro $349,641.00. (Compl. ¶¶ 19-20). Plaintiff also claims to have incurred additional expenses beyond that amount. (Compl. ¶ 22).

Plaintiff originally filed this matter in the Superior Court of New Jersey. Defendant removed to this Court on June 13, 2014. After expedited jurisdictional discovery, Defendant filed this motion to dismiss, claiming that it does not have constitutionally sufficient "minimum contacts" with New Jersey for this Court to assert personal jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a complaint for lack of personal jurisdiction. When evaluating a motion to dismiss for lack of personal jurisdiction, the court may consider facts outside of the complaint. *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603-04 (3d Cir. 1990). The burden of establishing personal jurisdiction lies with the plaintiff. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007).

"[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). First, the court applies the forum state's long-arm statute to determine whether it permits the exercise of jurisdiction. *Id.* at 259. Second, the court applies the principles of the Due Process Clause of the Constitution. *Id.* In New Jersey, this inquiry is collapsed into a single step, because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the full extent of due process. *See DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981). Personal jurisdiction under

the Due Process Clause requires a plaintiff to show that the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436-37 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## III.   DISCUSSION

Personal jurisdiction may be exercised generally or specifically. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). The Court addresses each of these categories in turn.

### A.   General Jurisdiction

The Court first finds that Defendant's contacts with the forum do not justify general jurisdiction. "General jurisdiction is invoked when the plaintiff's cause of action arises outside of the defendant's contacts with the forum." *N. Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 690 n.2 (3d Cir. 1990). It requires "significantly more" than minimum contacts. *Provident Nat. Bank*, 819 F.2d at 437. Specifically, a court may assert general jurisdiction over a nonresident defendant only where the defendant's "continuous and systematic" contacts with the forum rise to the level of rendering the defendant "essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). A defendant corporation is "at home" when its contacts with the forum render it "comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 773 n.11 (2014).

An interactive website alone is insufficient to create general jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) ("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world."). "Rather, there must be evidence that the defendant purposefully availed itself of conducting activity in the forum state, by directly targeting its web site to the state,

3

knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id.*

It is undisputed that Defendant has benefited from the New Jersey market for several years. However, general jurisdiction analysis looks to all of a defendant corporation's activities, not just those in the forum. *See Daimler*, 134 S. Ct. at 762 n.20. Considering the entirety of Defendant's activities, Defendant is not comparable to a resident New Jersey corporation. Defendant does not maintain any offices or employee in New Jersey or have any distributors in New Jersey. (Dempsay Supp. Aff. ¶ 6, Jan. 7, 2015, ECF No. 18-2; Santomassimo Cert. Ex. C Nos. 8, 15, 18, 19, ECF No. 21-1). Although Defendant has continuing relationships with vendors in New Jersey, (Santomassimo Cert. ¶ 16), only 1.3% of Defendant's total vendors are located in New Jersey, (Dempsay Supp. Aff. ¶ 5, Ex. B). Moreover, from 2010 through 2014, only 3.3% of Defendant's total revenue was derived from New Jersey customers. (Dempsay Supp. Aff. ¶ 4, Ex. A).

Further, although Defendant maintains an interactive website, there is no evidence suggesting that Defendant's website is targeted more specifically to New Jersey customers than those of any other state. Additionally, while Defendant's website contains over 200 active profiles registered to New Jersey, this number represents only 2.2% of all registered profiles. (Santomassimo Cert., Jan. 20, 2015, Ex. H, ECF No. 21-1).

Finally, Plaintiff's argument that the Court should exercise general jurisdiction over Defendant because Defendant previously maintained a manufacturer representative in New Jersey is unavailing. The fact that a representative may be subject to general jurisdiction in New Jersey does not mean that the Court has general jurisdiction over Defendant. *See Daimler*, 134 S. Ct. at 759-60 (quoting *Goodyear*, 131 S. Ct. at 2856). Moreover, this relationship ended in 2008, well before any of the washers were sold. (*See* Santomassimo Cert. Ex. J (terminating the relationship in November 2008); Dempsay Aff., Jun. 18, 2014, Ex. A, ECF No. 6-1 (purchase orders beginning in 2010)). And Plaintiff has provided nothing indicating that Defendant generated substantial revenue through its New Jersey representative.

4

Defendant's contacts with New Jersey at most demonstrate that Defendant has a continuous and systematic course of business in the forum. They certainly do not rise to the level of rendering Defendant essentially "at home" in New Jersey. *See Daimler*, 134 S. Ct. at 760-71 (rejecting "the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" as "unacceptably grasping"). Therefore, this Court will not exercise general jurisdiction over Defendant.

### B. Specific Jurisdiction

The Court also lacks specific personal jurisdiction over Defendant. In contrast to general jurisdiction, "[s]pecific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities." *N. Penn Gas Co.*, 897 F.2d at 690. Determining whether specific jurisdiction exists is a three-part inquiry. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). First, the defendant must have "'purposefully directed' his activities" at the forum. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In other words, a defendant must have done something to purposefully avail itself of the privilege of conducting activities in the forum, "thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. *O'Connor*, 496 F.3d at 317 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). For instance, in a breach of contract case, a court must determine whether "the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). These first two prongs determine whether the defendant has "the requisite minimum contacts with the forum." *D'Jamoos*, 566 F.3d at 102. Third, if the plaintiff shows the defendant has sufficient minimum contacts with the forum, the burden shifts to the defendant to show that exercising jurisdiction would be unreasonable. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

Here, the underlying controversy bears an insufficient relationship to Defendant's contacts with New Jersey to support specific jurisdiction.  First, Plaintiff initiated the relationship by reaching out to Defendant from outside the forum.  (Dempsay Aff. ¶ 10). Additionally, Plaintiff has provided nothing indicating that Defendant's commercially interactive website played any role in the transaction.    Moreover, the entirety of performance occurred outside of the forum:  the parts at issue were treated in Wisconsin and Washington, both possession and risk of loss transferred to Plaintiff in Idaho, and Defendant did not know where the parts would be directed.  (Dempsay Aff. ¶¶ 5, 7-8).

In fact, the only relationship the underlying controversy has with New Jersey is that Plaintiff's principle place of business is located there.  This alone is insufficient.  S*ee*, *e.g.*, *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (quoting *Burger King*, 471 U.S. at 478) ("[A] contract alone does not 'automatically establish sufficient minimum contacts in the other party's home forum.'").  And while the requisite minimum contacts "may be supplied by the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties," *Mellon Bank*, 960 F.2d at 1223, such support is lacking on this record.

Simply put, this case does not arise out of Defendant's contacts with New Jersey.  Therefore, this Court will decline to exercise specific personal jurisdiction over Defendant and will dismiss this case for lack of personal jurisdiction.

## IV.     CONCLUSION

For above reasons, Defendant's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE,** so that Plaintiff can refile its Complaint in a different forum, if so desired.  An appropriate order follows.

                                                                     /s/ William J. Martini
                                            **WILLIAM J. MARTINI, U.S.D.J.**

Date: April 6, 2015